UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWIN C. DIAZ,

                Plaintiff,

       -against-

SOCIAL SECURITY ADMINISTRATION
DISABILITY; DR. JAMES TODD; DR. ANN
MONIS; JUDGE JASON MILLER,

           Defendants.

20-CV-1551 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff brings this action *pro se*. By order dated March 25, 2020, the Court granted

Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The

Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss IFP complaint, or any portion of the complaint, that is frivolous

or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Abbas v.

Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court

lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, using the Court's general complaint form, brings this action invoking the Court's federal jurisdiction. He sues the "Social Security Administration Disability," which the Court presumes is actually the Social Security Administration's Office of Disability Adjudication and Review (ODAR); Dr. James Todd; Dr. Ann Monis; and Judge Jason Miller. Plaintiff seeks the approval of his application for Supplemental Security Income (SSI) benefits and monetary damages.

The following assertions are taken from the complaint. Plaintiff has a pending SSI disability case that is about to be denied because Todd and Monis provided false testimony in court proceedings and added false information to his case. Plaintiff's verbal court testimony was "thrown away" and "replaced with [Todd's and Monis's] own answer to make their case stronger against [him]." (ECF No. 2, 5.) Todd and Monis also classified Plaintiff as an alcoholic, although

he does not drink, and as "non compliant with [his] doctors," which is false. (*Id.*) They further

"added narcotics [he] never took or was prescribed into [his] case." (*Id.*) Todd and Monis also

purposely left out seven years of information from Plaintiff's medical file to further weaken his

disability case.

In addition, Defendants, including Judge Miller, "humiliated" Plaintiff in the courtroom

by "classifying [him] as something [he is] not and by spewing a cluster of lies into [his] case."

(*Id.* at 6.) In particular, Judge Miller humiliated Plaintiff by asking him in front of others if he

"had a total of 250 tablets of medication." (*Id.*) Judge Miller also recharacterized Plaintiff's oral

testimony in a written decision.

Plaintiff asserts that the alleged events giving rise to his claims occurred in August and

November 2018, in a courtroom at the Southern District of New York located at 500 Pearl Street,

New York, New York.[1]

## DISCUSSION

### A.    Sovereign Immunity

The doctrine of sovereign immunity bars federal courts from hearing all suits against the

federal government, including suits against federal agencies like the United States Social

Security Administration (SSA), unless sovereign immunity has been waived. *United States v.*

*Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502,

510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against

_____

[1] Plaintiff provides the address of the courthouse as the place where Defendants violated
his rights. But a review of the Court's electronic case filing system (ECF) does not indicate that
Plaintiff, at any time, had an action in the Southern District related to SSI benefits. In addition,
Plaintiff's assertions suggest that his claims arise from administrative proceedings concerning
SSI benefits before Administrative Law Judge Miller. But such proceedings are not normally
held at the courthouse. Judge Miller works as an Administrative Law Judge in ODAR at Varick
Street in New York. *See* https:www.disabilityjudges.com/state/new-york/new-york-varick.

the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

Here, Plaintiff's assertions against ODAR are effectively claims against the SSA. But his claims do not fall under any federal statute that would abrogate the SSA's immunity. The Court, therefore, must dismiss Plaintiff's claims against the SSA as frivolous because any constitutional claims he seeks to assert against the SSA are barred under the doctrine of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *see Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

**B.      Claims Under *Bivens***

Because Plaintiff brings claims arising out of administrative proceedings before the SSA and he sues an Administrative Law Judge of the SSA and witnesses who testified in the proceedings, the Court liberally construes the complaint as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). A plaintiff may bring *Bivens* claims against a federal official to seek redress for a violation of his or her constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [42 U.S.C. § 1983].").[2] But *Bivens* relief is available only against federal officials who are personally liable for the alleged constitutional violations. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017).

---

[2] As federal courts have analogized *Bivens* claims to those brought under § 1983, caselaw from § 1983 claims may be used to address issues in *Bivens* claims. *See Butz v. Economou*, 438 U.S. 478, 498-99 (1978); *Shue v. United States*, 466 F. App'x 51 (2012) (summary order) (citing *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

In addition, the Supreme Court has recognized *Bivens* claims only in three contexts:

(1) unreasonable search and seizure under the Fourth Amendment, *Bivens*, 403 U.S. 388 (1971),

(2) employment discrimination under the Fifth Amendment, *Davis v. Passman*, 442 U.S. 228

(1979), and (3) inadequate medical treatment of an inmate under the Eighth Amendment,

*Carlson v. Green*, 446 U.S. 14. *See Ziglar,* 137 S. Ct. at1854-55. Further, "the Court has made

clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Id.* at 1857.

Here, although Plaintiff asserts that Defendants violated his rights during SSA

administrative proceedings, he does not allege any facts suggesting a viable *Bivens* claim. To the

extent Plaintiff may be asserting a claim under *Bivens*, the complaint must be dismissed. *See* 28

U.S.C. § 1915(e)(2)(B)(ii).

In any event, Plaintiff fails to state a claim against Administrative Law Judge Miller for

his actions in the SSA administrative proceedings. Judges are absolutely immune from suit for

damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v.

Waco*, 502 U.S. 9, 11-12 (1991). Generally, "acts arising out of, or related to, individual cases

before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir.

2009). Judge Miller is therefore immune from suit for his conduct in Plaintiff's administrative

proceedings.

Plaintiff also fails to state a claim for relief against Todd and Monis arising from their

testimony in the SSA proceedings. Plaintiff only identifies these defendants as doctors who

testified in his administrative proceedings. If Todd and Monis are private parties who do not

work for the federal government, they generally cannot be held liable under *Bivens*. *See Thomas

v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). But even if they

were subject to *Bivens* liability, as witnesses in judicial proceedings, they have civil immunity

from suit for their testimony, even if their testimony was false. *See Rehberg v. Paulk*, 566 U.S. 356, 366-69 (2012); *Briscoe v. LaHue*, 460 U.S. 325 (1983).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint. Plaintiff's complaint is dismissed as frivolous and for failure to state a claim on which relief may be granted.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii)

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii). All other matters are terminated. This order is to be mailed in chambers.

SO ORDERED.

Dated:   March 27, 2020
        New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.

---

[3] Plaintiff brings this action essentially expressing dissatisfaction with his administrative proceedings before the SSA. But he should note that the Social Security Act permits claimants to seek review in federal court of a "final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was party." 42 U.S.C. § 405(g). Thus, Plaintiff may file a complaint once his administrative proceedings have concluded and he receives a final decision from the Commissioner of Social Security. *See Weinberger v. Salfi*, 422 U.S. 749, 764 (1975) ("The statute empowers district courts to review a particular type of decision by the Secretary, that type being those which are 'final' and 'made after a hearing.'"). Plaintiff may use the Court's Social Security Complaint form to bring such an action.